(C.D. 3417)

Rellim International Corp. *v.* United States

United States Customs Court, Second Division

(Decided April 22, 1968)

*Allerton deC. Tompkins* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before Rao, Ford, and Beckworth, Judges

Beckworth, Judge: The merchandise involved in this case consists of soap dispensers in chief value of zinc, imported from Japan and entered at the port of St. Louis on May 20, 1964. It was entered at 19 per centum ad valorem under item 662.35 of the Tariff Schedules of the United States, which covers simple piston pump sprays, powder bellows, and parts thereof. It was assessed with duty at said rate under item 657.80, which covers articles of zinc, not coated or plated with precious metal, not specially provided for. Various claims are made in the protest but the one relied upon is that the merchandise is properly dutiable under item 654.20 which covers articles, not specially provided for, of a type used for household, table, or kitchen use; toilet and sanitary wares, of base metal, other than iron or steel, copper, aluminum, or tin, not coated or plated with precious metal.

Counsel for the respective parties have submitted this case for decision on a stipulation reading as follows:

It is hereby stipulated and agreed by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, Defendant, that the items marked "A" and initialed GE by Commodity Specialist George Evans on the invoices accompanying the entries covered by the protest listed in the Schedule A below, which Schedule A is made a part of this stipulation, which were classified with duty at 19% ad valorem under Item 657.80, Tariff Schedules of the United States, consist of soap dispensers in chief value of zinc, not coated or plated with precious metal, which are toilet and sanitary wares, each of which is characterized by an inverted plastic bowl which, when functioning, is filled with powdered soap, and which is neither a piston pump spray nor a powder bellow, and which releases powder by gravity when a plunger at the bottom of the bowl is pushed.

The protest in said Schedule A is submitted for decision upon this stipulation. Plaintiff hereby limits the protest to the claim for clas-

sification with duty at 17% ad valorem under Item 654.20 of said Tariff Schedules.

In view of this stipulation which is accepted as an agreed statement of fact, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the commodity specialist on the invoices accompanying the entries covered by the protest listed in schedule A, attached hereto and made a part hereof, is properly dutiable at 17 per centum ad valorem under item 654.20 of the Tariff Schedules of the United States, as toilet or sanitary wares, of base metal, other than iron or steel, copper, aluminum, or tin, not coated or plated with precious metal.

To that extent the protest is sustained. In all other respects, it is overruled. Judgment will be entered accordingly.